UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARLA RUSSELL o/b/o C.R.,

    Plaintiff,

v.                                                                    Case No. 8:19-cv-3049-T-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## **ORDER**

        This is an appeal of the Social Security Administration's final decision terminating Plaintiff C.R.'s supplemental security income (SSI) benefits.[1]  *See* 42 U.S.C. § 405(g).  Plaintiff is a minor represented in this action by his legal guardian, Carla Russell.  Plaintiff argues the Administrative Law Judge's (ALJ) determination that he experienced medical improvement as of December 9, 2015, and is no longer disabled is not supported by substantial evidence.  Plaintiff also contends the ALJ failed to address whether he had extreme or marked limitations in acquiring and using information. After considering Plaintiff's arguments, Defendant's response, and the administrative record (docs. 16, 26), I find the ALJ did not apply the proper standards, and his decision is not supported by substantial evidence.  I remand.

        *A. Background*

        On June 18, 2008, when Plaintiff C.R. was two years old, the agency found him disabled due to speech and language impairments that, at the time, medically equaled Section 112.02(A)(1) of the Social Security Regulations Listing of Impairments. (*See* R. 30)  Years later, in accordance

---

[1] The parties have consented to my jurisdiction.  *See* 28 U.S.C. § 636(c).

1

with regulations, the agency reevaluated Plaintiff's entitlement to benefits. *See* 20 C.F.R. § 416.994a(a). The agency determined that, as of December 9, 2015,[2] Plaintiff was no longer disabled. (R. 70-75) Plaintiff challenged this decision at the administrative level. After an administrative hearing, the ALJ (in a December 2018 decision) found Plaintiff's disability had indeed ceased three years earlier, on December 9, 2015. (R. 30-40).

Specifically, the ALJ concluded Plaintiff had medically improved since his last comparison point decision (CPD)[3] in June 2008. (R. 34) The ALJ found Plaintiff still suffered from the severe impairments of ADHD and speech and language delays but that, since December 9, 2015, these impairments no longer met or medically equaled a listed impairment. The ALJ also determined that since December 9, 2015, Plaintiff had not had any other impairment or combination of impairments that functionally equaled a listing. The ALJ made this finding after determining the degree of Plaintiff's limitations in each of six functional domains (explained in the next section). Consequently, the ALJ concluded Plaintiff was no longer disabled and terminated his benefits. (R. 30-40) The Appeals Council denied review. (R. 1-3) Plaintiff, having exhausted his administrative remedies, filed this action.

  B.  *Standard of Review*

Similar to the approach taken with adults, the Commissioner assesses child disability claims under a sequential analysis. 20 C.F.R. § 416.924(a). The first step is to determine whether

---

[2] This is the date of Plaintiff's Notice of Disability Cessation letter. (R. 70-75) Plaintiff appeared at a July 30, 2018 hearing and requested a postponement to obtain representation. (R. 46-52) After consulting an attorney, Plaintiff decided to proceed without representation at his re-scheduled hearing on December 10, 2018. (R. 53-66) In this appeal, Plaintiff is represented by disability attorney Michael Steinberg. (R. 19-20)

[3] A CPD is the most recent final agency decision holding that the claimant is disabled. The parties agree the June 2008 decision is the applicable CPD.

the child is actually working at substantial gainful activity. 20 C.F.R. § 416.924(b). If not, the second step asks whether the child has a severe impairment. 20 C.F.R. § 416.924(c). If he does not, the child is considered not disabled. *Id.* If there is a severe impairment, the third (and final) step in the analysis is to determine whether the child has an impairment that meets, medically equals, or functionally equals, a set of criteria in the Listing of Impairments in Appendix 1. 20 C.F.R. § 416.924(d).

And, for both adult and children, a claimant's continued entitlement to disability benefits must be reviewed periodically. 20 C.F.R. § 416.994a(a). When an ALJ is determining whether a child's disability has ended, the regulations mandate following a different sequential inquiry that focuses on medical improvement. *See* 20 C.F.R. § 416.994a(a)(1). First, the ALJ must determine if the claimant has experienced medical improvement since his last CPD.[4] *Id*. Medical improvement is any decrease in the medical severity of the impairments that were present and documented in the CPD. 20 C.F.R. § 916.994a(c). If there has been no medical improvement, then the claimant's disability continues unless an exception to medical improvement applies. If there has been medical improvement, the ALJ proceeds to step two. 20 C.F.R. § 916.994a(b).

At step two, if the CPD determined the claimant was disabled based on an impairment meeting or medically equaling a listing (as is the case here), the ALJ must determine if the claimant's impairments now meet or medically equal that same listing (as it was written at the time of the CPD). 20 C.F.R. § 916.994a(b)(2). If they do, the claimant's disability continues unless an

---

[4] In a cessation of benefits case, the burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the Plaintiff has experienced "medical improvement." *Olivo v. Colvin*, No. 6:16-cv-259-Orl-40JRK, 2017 WL 708743, at *2 (M.D. Fla. Jan. 30, 2017); *see Townsend v. Comm'r of Soc. Sec.*, No. 6:13-cv-1783-Orl-DAB, 2015 WL 777630, at *3 (M.D. Fla. Feb. 24, 2015).

exception to medical improvement applies. If they do not, the ALJ must determine if the impairments that formed the basis of the CPD now functionally equal a listing.

For a child's impairments to functionally equal a listing, the child's impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a. A child has a "marked" limitation in a domain when his impairment(s) interferes seriously with his ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). A "marked" limitation is more than moderate, but less than extreme. *Id.* A child has an "extreme" limitation when the child's impairment interferes very seriously with his ability to initiate, and the limitation is "more than marked." 20 C.F.R. § 416.926a(e)(3). An extreme limitation is assigned only to the worst limitations, but does not necessarily mean a total lack or loss of ability to function. *Id.*

In assessing functional equivalence, the fact finder considers the child's functioning in six domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for himself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). If a child shows medical improvement, and his impairment that forms the basis of the CPD now functionally equals the listing, then his disability continues. 20 C.F.R. §§ 416.926a, 416.994a(b). If there is no functional equivalence, the ALJ proceeds to step three.

At step three, the ALJ must determine if the claimant is disabled under the regulations applicable to children, considering all the impairments the claimant has at present, including any that were not considered in the CPD. 20 C.F.R. § 416.994a(b)(3) This involves utilizing the sequential analysis applicable to children as stated in the first paragraph of this section. And as with claims by adults, a determination by the Commissioner that a child is not disabled must be

upheld if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 1035 (2005).

### C. Discussion

#### 1. Medical improvement

Plaintiff's first argument is that substantial evidence does not support the ALJ's decision that he experienced medical improvement between June 18, 2008 (the date of his CPD), and December 15, 2015 (his disability cessation date as determined by the agency). The regulations define medical improvement as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [he] [w]as disabled . . . ." 20 C.F.R. § 416.994a(c). A finding that there has been a decrease in medical severity "must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairments." *Id*. More specifically, to determine if there has been medical improvement, the Commissioner must compare the medical evidence supporting the most recent final decision holding that the claimant is disabled with new medical evidence. *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985); *Klaes v. Comm'r of Soc. Sec. Admin.*, 499 F. App'x 895, 896 (11th Cir. 2012); *see* 20 C.F.R. § 416.994a(b)(1). A CPD is "the most recent favorable medical decision . . . involving a consideration of the medical

evidence and the issue of whether you were disabled or continue to be disabled which became final." 20 C.F.R. § 416.994(b)(1)(vii).  The regulations require an ALJ to compare a claimant's CPD with the claimant's current medical condition to determine if there has been medical improvement in the claimant's impairments since the CPD.

The Eleventh Circuit has emphasized that a cursory comparison is insufficient; the ALJ must "actually compare" the new evidence to the evidence upon which the claimant was originally found to be disabled.  *Freeman v. Heckler*, 739 F.2d 565, 566 (11th Cir. 1984); *see also Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984).  Without a comparison of the old and new evidence, there can be no adequate finding of improvement.  *Id*.  Indeed, the failure to make such comparison requires reversal and remand for application of the proper legal standard.  *Id*.; *see Klaes*, 499 F. App'x at 896 (citing *Vaughn* and noting that, if the ALJ fails to evaluate the prior medical evidence and make the comparison to the new evidence, courts must reverse and remand for application of the proper legal standard).

Here, the ALJ failed to engage in the proper comparison of the original medical evidence and new medical evidence.  The ALJ stated, "[t]he medical evidence supports a finding that, as of December 9, 2015, there had been a decrease in medical severity of the impairments present at the time of the CPD." (R. 34)  But the ALJ's mere reference to the CPD in setting forth his findings does not equate to a comparison of the original medical evidence and the new medical evidence required to make a finding of medical improvement.  *See Freeman*, 739 F.2d at 566; *Jasper v. Colvin*, No. 8:16-cv-727-T-23AEP, 2017 WL 655528, at *4 (M.D. Fla. Jan. 31, 2017) (report and recommendation), *adopted at* 2017 WL 638389 (Feb. 16, 2017).

The ALJ primarily relied on post-CPD medical records dating from December 2014 through July 2018.  In fact, from the ALJ's decision, it is unclear what constitutes Plaintiff's CPD.

The ALJ states that Plaintiff's CPD is dated June 18, 2008. (R. 33)  But the only document in the record from June 2008 is an Individualized Family Support Plan completed by Plaintiff's mother and a service coordinator, a speech therapist, and an early interventionist at USF's Early Steps Program on June 2, 2008. (R. 266-74)  According to this plan, Plaintiff qualified for USF's Early Steps Program due to severe expressive and receptive communication delays. (R. 269)  The plan appears based on a speech and language evaluation completed by Beth Ingram & Associates in April 2008, which concluded Plaintiff would benefit from twice weekly speech therapy. (R. 275-78)  These documents are contained in the administrative record, as is Plaintiff's April 2008 initial application for SSI benefits (R. 153-54), but Plaintiff's June 18, 2008 CPD is not.

Consequently, it is unclear what exactly the agency looked to when making its original disability determination.  The ALJ is legally bound to compare Plaintiff's CPD with the current evidence.  The following is the entirety of the ALJ's discussion of Plaintiff's medical improvement:

> The record shows a decrease in the nature and frequency of the claimant's medical treatment and related objective abnormalities.  Updated evidence supports the conclusion that the claimant's functional limitations decreased relative to the CPD (Exhibits 7F (noting improved nonverbal index score; intelligibility of speech was 100 percent; adequate attention span; normal mental status examination); 15F/1 (not on medications)).

(R. 34)  The ALJ makes passing reference to Exhibit 7, an agency form completed by Michael Mundy (qualifications and credentials unknown) on November 16, 2015.  The form is divided into two columns, one labeled "CPD" and one labeled "current review." (R. 370-71)  Mr. Mundy summarizes the evidence for each and concludes that Plaintiff has shown medical improvement.  Mr. Mundy does not explain his finding, and the ALJ does not shed light on the form's significance, its context, or its author.  Tellingly, the other medical records the ALJ references all

post-date Plaintiff's CPD by at least six years, belying the Commissioner's argument that the ALJ conducted a meaningful review of the old and the new evidence. The only reference to the original medical evidence I can find is in another section of the ALJ's decision, where he cites Plaintiff's April 2008 evaluation by a Beth Ingram & Associates speech therapist. (R. 33-34)

      The ALJ did not substantively compare the prior and current medical evidence to determine whether it showed changes in the symptoms, signs, or laboratory findings associated with Plaintiff's impairments, as required by 20 C.F.R. § 416.994a(c) and Eleventh Circuit precedent. Accordingly, the Commissioner has not met his burden of proving Plaintiff is no longer disabled. Given that the ALJ's decision did not apply the proper legal standards, the decision of the Commissioner is reversed and remanded for further administrative proceedings to apply the proper legal standards in determining whether Plaintiff experienced medical improvement. I need not address Plaintiff's second argument that the ALJ erred in his consideration of Plaintiff's limitations in acquiring and using information.

      *D.  Conclusion*

      For the reasons stated above, the ALJ's decision is not supported by substantial evidence. It is ORDERED:

      (1) The ALJ's decision is REVERSED AND REMANDED for further administrative proceedings consistent with this Order; and

      (2) The Clerk of Court is directed to enter judgment for Plaintiff and close the case.

DONE and ORDERED in Tampa, Florida on November 19, 2020.

                                                    MARK A. PIZZO
                                                    UNITED STATES MAGISTRATE JUDGE